MANTON-GAULIN MFG. CO. v. AMERICAN BOTTLE CAP CO. et al.

(District Court, D. Delaware. May 11, 1918.)

No. 355.

1. PATENTS ⊜⟳297(3)—PRECEDENTS—FEDERAL COURTS.
Rulings by Circuit Court of Appeals of another circuit and of several District Courts, adjudging that a patent was valid and that devices similar to those of defendant infringed, should be accepted, as showing validity of the patent and infringement, by a District Court of another circuit, on application for a preliminary injunction.

2. PATENTS ⊜⟳301(1)—PRELIMINARY INJUNCTION—DENIAL.
In a suit for a patent infringement, where the corporate defendant had transferred its business, etc., complainant cannot be granted a preliminary injunction restraining the corporation from paying dividends, etc., for, until hearing, complainant can establish no right to damages or to an accounting.

3. PATENTS ⊜⟳307—INFRINGEMENT SUIT—BOND.
On a suit to enjoin infringement of a patent and for damages, etc., the defendant, on motion for a preliminary injunction, cannot be required to give bond to pay damages which may be recovered.

4. PATENTS ⊜⟳302—INFRINGEMENT SUIT—PRELIMINARY INJUNCTION.
The mere fact that the original corporate defendant charged with patent infringement had gone out of business, selling its property, etc., does not preclude the issuance of a preliminary injunction, where it appeared that the defendant would continue in existence for the purpose of collecting its assets and discharging liabilities, etc.

In Equity. Bill by the Manton-Gaulin Manufacturing Company against the American Bottle Cap Company; the Cherry-Bassett Company being made a codefendant on supplemental bill. On motion for temporary injunctions. Motion granted, with limitations, as to the first-named defendant, and denied as to the last.

Fish, Richardson & Neave, of Boston, Mass., for plaintiff.
Fred L. Chappell, of Kalamazoo, Mich., for defendant American Bottle Cap Co.

BRADFORD, District Judge. The Manton-Gaulin Manufacturing Company filed its bill October 18, 1917, against the American Bottle Cap Company charging infringement of letters patent of the United States No. 756,953, and praying the usual relief, including a preliminary injunction now asked for. The patent was granted to Auguste Gaulin April 12, 1904, for "Improvements in Systems for Intimately Mixing Milk," and is now held and owned by the plaintiff. It contains nine claims. While there is no specification in the bill of the particular claim or claims supposed to be infringed, it appears that the plaintiff relies upon claim 2. In the description the patentee says:

"The present invention has for its object an improved apparatus for intimately mixing milk and other liquids more or less resembling it by means of the action produced by the passage of liquids more or less heterogeneous under considerable pressure through very small orifices."

Claim 2 is as follows:

"2. In a machine of the class described, co-operating elements having squeezing-surfaces, means to yieldingly hold the elements in contact and means to force milk between the surfaces, substantially as described."

[1] The patent in suit has been sustained as to claim 2 and held infringed by the circuit court of appeals of the second circuit, the district court for Connecticut, and thereafter by the district court for the eastern district of Michigan. For the purpose of granting a preliminary injunction the validity of claim 2 must, therefore, be recognized by this court.

The evidence and exhibits presented for and against the granting of a preliminary injunction do not so differentiate the apparatus complained of in this suit from that considered in the suits elsewhere, to which allusion has been made, as to avoid the charge of infringement. Under these circumstances on the present application the fact of infringement of claim 2 must be recognized by this court. It appears that the infringing apparatus was manufactured and furnished by the Union Steam Pump Company to the American Bottle Cap Company and by the latter sold on the market; and that the last named company on or about January 2, 1918, assigned, transferred and conveyed to the Cherry-Bassett Company its business, good will, merchandise on hand and unfilled orders, and that since the last named date the latter company has been the owner of such merchandise and business. On the application of the plaintiff leave was granted to file a supplemental bill joining the Cherry-Bassett Company as a co-defendant with the original defendant, and pursuant to such leave a supplemental bill was filed January 31, 1918. It is claimed in behalf of the Cherry-Bassett Company that the apparatus sold by it is different from that theretofore sold by the American Bottle Cap Company and does not infringe claim 2. ·

[2] The plaintiff has moved that the American Bottle Cap Company be enjoined, pending the making of a final decree in this cause, and for sixty days thereafter—

"1. From making any dividend payments to its stockholders.

"2. From dissipating any of the money, assets or surplus of the defendant by the payment of salaries or dividends.

"3. From decreasing in any way its present assets.

"4. From doing any act whereby the books of the defendant company shall not be retained intact and available for any accounting which may take place in this case.

"5. From making any disposition, sale, assignment, payment, mortgage, or pledge, either colorable or otherwise, during said period in any way calculated or disposed to hinder or prevent the complainant herein from collecting or recovering on any execution that may be levied upon the defendant in this suit."

This motion must be denied. It does not appear that the plaintiff is a stockholder of the American Bottle Cap Company, or has any lien, equitable or otherwise, on its property, or that it is a cestui que trust of any property in the possession of that company. The plaintiff has not yet established any right to profits and damages and it may never do so. Nor has it applied for the appointment of a receiver. I am not

aware of any well-considered case recognizing the propriety of granting under these circumstances the summary and radical relief now sought by this motion.

[3] The plaintiff has also moved that the American Bottle Cap Company "be ordered to file a bond, with sufficient surety to be approved by the clerk, in a sum not less than ten thousand dollars ($10,000) to secure the payment to the plaintiff company of any execution which may be levied upon the defendant in this suit." This motion also must be denied. This is a patent cause in which the relief prayed, aside from the recovery of profits and damages, is an injunction against acts of infringement. On the showing which has been made the plaintiff is entitled to a preliminary injunction, but not to an order against the American Bottle Cap Company in invitum for the giving of bond as moved for. After the awarding of a preliminary injunction, if the parties agree upon the giving of bond by the defendant in a given amount, to the end that it may be relieved from the possible hardship of an injunction, the court would not interpose any objection to the carrying into effect of such an arrangement. But such procedure is totally unlike that now proposed by the plaintiff.

[4] In view of the foregoing considerations it is proper that a preliminary injunction should issue against the American Bottle Cap Company enjoining it as prayed. The affidavits and exhibits show that it has infringed claim 2 and thereby put itself in the position of a wrongdoer. While it appears from an affidavit made January 7, 1918, that the American Bottle Cap Company went out of active business, it also appears that it would continue its existence until its outstanding indebtedness should be collected and its liabilities and obligations paid. Under these circumstances the awarding of a preliminary injunction against that company cannot upon its own showing prejudice it while it may serve to guard the interests of the plaintiff.

The affidavits and exhibits, however, do not show any infringement or threatened infringement on the part of the Cherry-Bassett Company. Under these circumstances the awarding of a preliminary injunction as against the Cherry-Bassett Company must be denied.

A decree in accordance with the foregoing opinion may be prepared and submitted.